# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1335 | **DATE** | 3/6/12 |
| **CASE TITLE** | James Smith (#2011-0422218) v. William Covaci, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is denied as it appears Plaintiff may have filed this action in the wrong court. The Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915A. Dismissal is without prejudice to Plaintiff pursuing his claims in state court.

■ [**For further details see text below.**]                                          **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant William Covaci, the building manager at property located at 6317 N. Kenmore, Chicago, Illinois, through his employee "Pete" at first prevented Plaintiff's brother from picking up Plaintiff's personal property from an apartment in the building while Plaintiff was incarcerated in California in March, 2010. Ultimately, Defendant Covaci allowed Plaintiff's brother into the property to retrieve his items. Plaintiff's brother discovered several items of personal property, including money, jewelry, and electronics, missing. Plaintiff is looking for compensation for his lost items of personal property.

It appears that Plaintiff may have filed suit in the wrong court. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the court in which a defendant may be found to act under color of state law. First, when the state has cloaked the defendant in some degree of authority, normally through employment or some other agency relationship. *See Case*, 327 F.3d at 567. The second, when the defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *See Case*, 327 F.3d at 567. Here, Plaintiff is suing two private individuals. Plaintiff does not allege that Defendant Covaci or "Pete" were cloaked with some degree of state authority or that there was some type of conspiracy between state officials and Defendants involving Plaintiff's property. Nor can such a conclusion be drawn from Plaintiff's allegations.

Additionally, the loss of property does not constitute a deprivation of property without due process of law in violation of the Fourteenth Amendment if the government provides an adequate postdeprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981).
**(CONTINUED)**

| | AWL |
|---|---|

Illinois law provides actions for replevin and conversion that are sufficient to redress Plaintiff's claims in regard to the loss of his property. *See Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002) (Illinois cause of action for replevin provides adequate postdeprivation remedy); *Stewart v. McGinnis*, 5 F.3d 1031, 1035-37 (7th Cir. 1993) (tort claim may be filed in the Illinois Court of Claims in regard to destruction of property); *Greco v. Guss*, 775 F.2d 161, 169 (7th Cir. 1985) (Illinois cause of action for conversion provides adequate postdeprivation remedy). Consequently, Plaintiff can state no constitutional claim for deprivation of property.

While the Court is required to construe the *pro se* complaint liberally, the Court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute. According to federal statute, federal district courts have jurisdiction over civil actions arising under the Constitution, or federal statute or treaty. *See* 28 U.S.C. § 1331. None is implicated here. Plaintiff describes a series of potential state law claims (conversion, interference with contract, trespass, interference with property rights), none of which rise to the level of a constitutional tort. Additionally, there does not appear to be diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. As the Court lacks subject matter jurisdiction over Plaintiff's claims, Plaintiff's motion to proceed *in forma pauperis* is denied and this matter is dismissed. This case is terminated. Dismissal is without prejudice to Plaintiff pursuing his claims, to the extent he is able in state court.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate a "strike" under 28 U.S.C. § 1915(g).